UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KAREN D. NEWPORT, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | 3:06-CV-413 (VARLAN/GUYTON) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's motion for summary judgment [Doc. 14] and the defendant Commissioner's motion for summary judgment. [Doc. 21]. For the reasons provided herein, this Court recommends that the defendant's motion for summary judgment [Doc. 21] be denied, and plaintiff's motion for summary judgment [Doc. 14] be granted to the extent it seeks remand pursuant to sentence four of § 405(g).[1]

**I.     Procedural History**

On September 14, 1998, plaintiff filed an application for disability insurance benefits. She alleged an inability to work due to carpal tunnel syndrome, nerve damage to the hands, migraine headaches, and gallbladder problems. The claim was denied initially and on reconsideration. On

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

June 3, 1999 a hearing was held before an ALJ. Also appearing and giving testimony was Walter Cameron, vocational expert. (Tr. 84). The ALJ denied the claim in a decision dated August 4, 1999. (Tr. 81-96). The Appeals Council denied plaintiff's request for review on May 16, 2001. (Tr. 75).

The plaintiff filed a second application for benefits on May 29, 2001. The claim was denied. A request for hearing was filed on February 19, 2002, and the hearing was held before the ALJ on March 4, 2003. Vocational expert Walter Cameron was present but did not testify. The ALJ denied the application in a decision dated August 8, 2003. (Tr. 52-63). The ALJ concluded that the plaintiff had the following limitations:

> 1. Claimant has the residual functional capacity to perform "light work".
>
> 2. Claimant is precluded from exposure to excessive vibration.
>
> 3. Claimant is precluded from tasks requiring fine manual dexterity.
>
> 4. Claimant is precluded from tasks requiring repetitive hand motions.
>
> 5. Claimant is precluded from excessive work stresses.

(Tr. 62).

The ALJ acknowledged that plaintiff could not perform her past relevant work and therefore, "the burden shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy that claimant can perform, consistent with her residual functional capacity, age, education, and work experience." (Tr. 60). The ALJ, referring to the 1999 hearing, stated:

> As incorporated by reference, a vocational expert testified an individual such as the claimant would be capable of making a vocational adjustment to other jobs, including those as an inspector, checker, classifier, and cleaner. (Tr. 61).

2

The plaintiff appealed (Tr. 48-51). On June 25, 2004, the Appeals Council remanded the claim to the ALJ. (Tr. 41-44). The Appeals Council held:

> The hearing decision indicated that the claimant has the residual functional capacity to perform the exertional demands of light work with the following nonexertional limitations: precluded from exposure to excessive vibration, tasks requiring fine manual dexterity, and/or repetitive hand motions; and from excessive stresses due to increased irritability. The hearing decision indicates that this assessment is consistent with the level of functional assessment in the Administrative Law Judge decision issued on August 4, 1999, as well as the current assessment of the designated physicians. Moreover, the hearing decision indicates that the Administrative Law Judge is (p.6, paragraph 3) bound by the assessment from the 1999 decision under <u>Drummond v Commissioner</u>, 126 F.3rd 837 (6th Cir. 1997)(AR 98-4(6)), and the sequential analysis under <u>Dennard v Secretary</u>, 907 F.2nd 598) (6th Cir. 1990) (AR 98-3-6)). As a result, the hearing decision indicates that vocational expert testimony and the jobs cited in the 1999 hearing decision are incorporated by reference (p.7, paragraph 3). However, a review of the 1999 hearing decision indicates that the residual functional capacity was defined as "lacks the ability to lift and carry more than 20 pounds or more than 10 pounds on a regular basis; she is precluded from working in exposure
>
> to excessive vibration or excessive stress; she has mild limitations in her ability to perform tasks requiring bilateral manual dexterity and an inability to perform repetitive hand motions." The residual functional capacity cited in the current decision differs significantly from the residual functional capacity cited in the 1999 decision, as it includes a preclusion from fine manual dexterity. Consequently, reliance on the vocational testimony and jobs named in the prior decision is inappropriate. Additionally, pursuant to the Dictionary of Occupational Titles, the jobs named by the vocational expert all appear to require at least occasional fingering (inspector, DOT No. 609.684-010; checker, DOT No. 222.687-010; classifier, DOT No. 361.687-014, and cleaner, DOT No. 323.687-014). Additionally, the decision cites no new and material evidence in support of the change in residual functional capacity.
>
> • The hearing decision indicates that the opinion of Dr. David E. Hanson cannot be given significant weight, as Dr. Hanson refused to provide any notes or other clinical and diagnostic support for his

opinion (p.6, paragraph 2). However, pursuant to HALLEX I-2-5-78, the Administrative Law Judge is authorized by law and regulation to issue subpoenas to require production of documentary evidence or testimony when reasonably necessary for the full presentation of the case.

Upon remand the Administrative Law Judge will:

- As appropriate, subpoena medical records and/or treatment notes from Dr. Hanson in accordance with HALLEX I-2-5-78.

- Comply with the requirements of Acquiescence Rulings 98-4(6) AR 98-3(6), when evaluating the claimant's disability under the sequential evaluation process.

- **Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base** (Social Security Ruling 83-14, and *Shelman v Heckler,* 821 F.2d 316, 321-322 (6th Cir. 1987)). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. 404.1566). **Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).**

[emphasis added].

The plaintiff appeared and testified at a hearing before the ALJ on January 12, 2005 requesting the amended disability onset date of August 5, 1999. The date she was last insured for purposes of benefits under Title II was December 31, 2002. Ernest Brewer, Ed.D., vocational expert, appeared, but did not testify. (Tr. 23).

The ALJ denied the claim in an unfavorable decision dated April 28, 2005 (Tr. 20-33). The ALJ found:

4

> The claimant lacks the residual functional capacity to lift and carry more than 20 pounds or more than ten pounds on a regular basis. She is precluded from working in exposure to excessive vibration or excessive stress. She has mild limitations in her ability to perform tasks requiring bilateral manual dexterity and an inability to perform repetitive hand motions. (Tr. 32).

The ALJ also stated, with regard to vocational expert testimony:

> Given the consistent findings of residual functional capacity in the decision dated August 4, 1999 through the date last insured, jobs exist in the national economy for an individual of the claimant's age, education, past relevant work experience and residual functional capacity as determined. As incorporated by reference, a prior vocational expert testified an individual such as the claimant would be capable of making a vocational adjustment to other work such as inspector/checker/classifier, and cleaner with some 3,000 such jobs in the region and 400,000 in the national economy. The vocational expert further testified that such cited jobs are performed as identified by DOT (SSR 00-4p) (Tr. 31).

Plaintiff then sought, and was denied, review by the Commissioner's Appeals Council. (Tr. 15). The ALJ's ruling therefore became the Commissioner's final decision. See 20 C.F.R. §§ 404.981, 416.1481. Through her timely complaint, plaintiff has properly brought her case before this court for review. See 42 U.S.C. § 405(g).

The plaintiff argues that the ALJ, in his initial denial dated August 8, 2003, improperly incorporated by reference vocational expert testimony from the hearing held before another ALJ on June 3, 1999. The plaintiff stresses that the Appeals Council, on June 25, 2004, specifically instructed the ALJ, on remand to:

> Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base… The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidences of such jobs in the national economy… (Tr. 43).

5

The plaintiff argues that the ALJ's failure to obtain vocational expert testimony, when directed to do so by the Appeals Council, is an error of law. The defendant, on the other hand, argues that the ALJ did comply with the remand order from the Appeals Council, because the ALJ "held a new hearing in 2005 at which a vocational expert was present and available to testify if warranted." The defendant apparently argues that the ALJ's decision to not take any evidence from the vocational expert, even though the expert was present, was justified by the fact that the ALJ simply incorporated by reference the evidence given by the vocational expert in the 1999 hearing, approximately six years earlier. [Doc. 22].

This Court is not persuaded by the Commissioner's defense of the handling of this matter. The Court finds that a remand for another hearing under 42 U.S.C. § 405(g) is required for taking vocational expert testimony consistent with the June 25, 2004 Order of the Appeals Council. Specifically, on remand the ALJ should:

> **Obtain evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base**. The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 C.F.R. 404.1566). **Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).**

The ALJ also should offer the plaintiff the opportunity to provide further medical evidence, as well as evidence pertaining to any personal relationship between the plaintiff and Dr. Richard Burdeaux. (See, Plaintiff's Brief, p. 14-15, and Appendix items 61 and 63).

6

## II. Conclusion

Accordingly, the Court **RECOMMENDS**[2] that the defendant's Motion For Summary Judgment [Doc. 21] be **DENIED**, and that the plaintiff's Motion For Summary Judgment [Doc. 14] be **DENIED**, except as to the request for remand for a hearing, which should be **GRANTED**, as set forth above.

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).