UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| KAREN D. NEWPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:06-CV-413 |
| | ) | (VARLAN/GUYTON) |
| MICHAEL J ASTRUE, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure, for disposition of Plaintiff Karen D. Newport's motion for an award of attorney's fees in the amount of $7,258.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(1). [Doc. 30].

On August 22, 2007, United States District Judge Thomas Varlan entered an Order granting Plaintiff's motion for summary judgment, denying Defendant's motion for summary judgment, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. 21]. Four conditions must be met before an attorney is entitled to EAJA attorney's fees:

1. The plaintiff must be a prevailing party;

2. The government's position must be without substantial justification;

> 3. No special circumstances warranting denial of fees may exist;
>
> 4. The application for attorney's fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1). The Plaintiff obtained a "sentence four" remand in this case which, for purposes of EAJA fees, renders her a "prevailing party." See Melkonyan v. Sullivan, 501 U.S. 89 (1991). The proper "substantial justification" standard in EAJA cases is "whether the Government's position was justified, both in fact and in law, to a degree that could satisfy a reasonable person." Jankovich v. Bowen, 868 F.2d 867, 869 (6th Cir. 1989). The Commissioner filed a Response which stated he did not oppose Plaintiff's request for EAJA attorney's fees, thereby conceding that the position of the government in this matter was not substantially justified. [Doc. 34]. Further, I am not aware of, and have not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust.

On September 4, 2007, Plaintiff moved for a total fee amount of $7,258.80.[1] [Doc. 31]. The Commissioner responded by filing a Response to Plaintiff's Application for Attorney Fees on September 21, 2007. [Doc. 34]. In its Response, the Defendant did not oppose Plaintiff's request for attorney's fees and stated Plaintiff was entitled to $7,258.80 for attorney's fees and $359.28 for costs.

---

[1] 11.9 hours at $150.00 per hour and 34.2 hours at $154.00 per hour.

Based upon the foregoing, Plaintiff's motion for attorney's fees **[Doc. 30]** is **GRANTED** and will be entered, awarding Plaintiff the amount of $7,258.80 for attorney's fees and $359.28 for costs.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge